IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2010

## STATE OF TENNESSEE v. GEORGE VINCENT WARE

**Appeal from the Criminal Court for Hamilton County
Nos. 262379 & 262471    Rebecca J. Stern, Judge**

_____

**No. E2010-00141-CCA-R3-CD - Filed September 1, 2010**

_____

The Defendant, George Vincent Ware, pled guilty in the Hamilton County Criminal Court in two separate cases on September 27, 2007. In Case Number 262379, the Defendant pled guilty to introduction of contraband in a penal institution, a Class C felony, and was sentenced as a multiple offender to seven years, suspended to "intensive probation." In Case Number 262471, the Defendant pled guilty to theft of property, a Class D felony; criminal impersonation, a Class B misdemeanor; and driving on a revoked or suspended license, a Class A misdemeanor. The Defendant was sentenced as a standard offender to three years, six months, and eleven months and twenty-nine days, respectively, for the convictions in Case Number 262471. The trial court ordered the sentences in Case Number 262471 to be served concurrently with one another but consecutively to the sentence imposed in Case Number 262379. Thus, the Defendant received a total effective sentence of ten years. Following the filing of a probation violation warrant and a finding that the Defendant violated the terms of his probationary sentence, the trial court revoked his probation and ordered the Defendant to serve the balance of his sentence in custody. In this appeal as of right, the Defendant contends that the trial court abused its discretion by ordering the Defendant to serve his sentence. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Ardena J. Garth, District Public Defender, and Richard K. Mabee (on appeal) and Kandi Rankin (at hearing), Assistant Public Defenders, attorneys for appellant, George Vincent Ware.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William H. Cox, III, District Attorney General; and William H. Hall, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The Defendant's history of probation supervision reflects that the Defendant was released from prison on February 11, 2009, to begin service of the probationary sentence. On September 30, 2009, the Defendant's probation officer, Richard Irvin, issued a violation of probation report alleging that the Defendant violated the terms of his probationary sentence because he was arrested for aggravated assault, failed to provide proof of employment, failed to provide a correct address, failed to pay probation fees, failed to adhere to curfew check guidelines, tested positive for cocaine, and engaged in "assaultive, abusive, threatening, and intimidating behavior."

Mr. Irvin testified at the revocation hearing that the Defendant reported regularly and paid his fees when he was initially released to probation. However, the Defendant did not adhere to his curfew and was not living at the address he originally provided. Mr. Irvin went to the Defendant's last known address and spoke with the Defendant's girlfriend, who told Mr. Irvin that the Defendant was living with his father. Mr. Irvin then went to the Defendant's father's house, but the Defendant was not there. The Defendant's father told Mr. Irvin that the Defendant was living there but stated that the Defendant was not there at the moment.

The Defendant was also unable to provide Mr. Irvin with adequate proof of employment. Additionally, the Defendant was referred to the Endeavors Program for drug use. Once at the program, the Defendant refused to take a drug test and left the meeting. The Defendant went to Mr. Irvin's office and told Mr. Irvin that he left the meeting because he could not pass a drug test. Mr. Irvin administered a drug test, and the Defendant tested positive for cocaine on August 20, 2009. On September 16, 2009, the Defendant was charged with aggravated assault. The Defendant pled guilty to assault and was ordered to serve an eleven month and twenty-nine day sentence.

The Defendant testified that he missed curfew because he "was getting odd jobs from time to time and [these jobs] would take [him] over curfew." He stated that he was paid cash for completing these odd jobs and that he was unable to find steady employment. He testified that he told Mr. Irvin that he was doing "odd jobs." He stated that he left the Endeavors Program because he "just didn't like their program" because "[t]hey wasn't guaranteeing [him] anything." He also complained that the program prevented him from finding steady employment because the program occupied his day. The Defendant stated that

he was waiting to be placed in another program. He asked the trial court to give him another chance and stated that he would not violate his probation again. On cross-examination, the Defendant admitted that he failed a drug screen and that he had been charged with aggravated assault.

Following the hearing, defense counsel requested a sentence of "split confinement" and asked the trial court to give the Defendant "the opportunity to prove that he's seen the error of his ways." The trial court found that the Defendant had violated the conditions of his probation and ordered him to serve his sentence in incarceration "with credit for time served." The trial court stated, "he's had many chances and just doesn't show any real interest in his probation."

## ANALYSIS

The Defendant contends that the trial court abused its discretion in ordering the Defendant to serve his sentence in confinement. The Defendant notes that the trial court did not consider any alternative sentencing options and states that the trial court should have conducted a "more thorough analysis of alternative punishments to see if any were appropriate." The State responds that the trial court was not obligated to consider a sentence of split confinement. The State also responds that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering the Defendant to serve his sentence.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). A trial court is not required to find that a violation of probation occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). "The evidence need only show [that the trial court] has exercised conscientious judgment in making the decision rather than acting arbitrarily." Id. In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious, rather than an arbitrary, judgment. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order to conclude that the trial court abused its discretion, there must be no substantial evidence to support the determination of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Upon concluding that a defendant has violated the conditions of his release, the trial court may revoke the probationary sentence and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the

unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e). The trial court may also "extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c). If the trial court revokes a defendant's probationary sentence because the defendant has engaged in conduct resulting in a judgment of conviction, the trial court may then order a defendant to serve the "term of imprisonment imposed by the original judgment" consecutively to any unrelated sentence that was imposed while the defendant was on probation. Tenn. Code Ann. § 40-35-310(a).

The Defendant does not appear to contest the trial court's revocation of his probation. Rather, the Defendant contends that the trial court should have considered other sentencing options. No such requirement exists. The record reflects that the Defendant committed numerous violations while attempting to complete his intensive period of probation. Accordingly, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering him to serve his sentences in incarceration. The judgments of the trial court are affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE